# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN I. DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>　　　　Defendant.<br>_____/ | Case No. 1:20-cv-01327-SKO<br><br>ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(Doc. 1) |

## I.　　INTRODUCTION

On September 17, 2020, Plaintiff Karen I. Davis ("Plaintiff") filed a complaint under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

## II.　　BACKGROUND

### A.　Procedural History

On May 8, 2018, Plaintiff protectively filed a claim for DIB payments, alleging she became

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 10.)

disabled on February 2, 2018, due to major depressive disorder, anxiety, bipolar disorder, panic attacks, and dysthymia. (Administrative Record ("AR") 17, 69, 70, 73, 74, 77, 83, 84, 100, 107, 171, 180, 187, 221, 247, 249.) Plaintiff was born on February 12, 1971, and was 46 years old on the alleged disability onset date. (AR 69, 83, 187, 221, 249.) Plaintiff has a high school education and worked as a cashier from August 2007 to December 2017 (AR 26, 45, 48–49, 181, 464, 677.)

The Commissioner denied Plaintiff's application for benefits initially on July 30, 2018, and again on reconsideration on November 16, 2018. (AR 100–103, 107–112.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 113–28.) On July 24, 2019, Plaintiff appeared with counsel and testified before an ALJ as to her alleged disabling conditions. (AR 44–64.) A vocational expert ("VE") also testified at the hearing. (AR 65–67.) Plaintiff testified that depression and anxiety limit her from working. (AR 45–46.) She reported that when she goes outside, she gets anxiety and panic attacks. (AR 47.) The panic attacks cause Plaintiff to feel like "everything is closing in" on her, her stomach gets upset, and she starts to cry. (AR 47–48.) She testified that she is seeing a therapist and a counselor, and she takes medications for her depression and anxiety. (AR 49–50.) Plaintiff further testified that she lacks concentration and has a bad memory. (AR 64.)

On August 19, 2019, the ALJ issued a decision finding Plaintiff not disabled, as defined by the Act. (AR 17–27.) Plaintiff sought review of the ALJ's decision before the Appeals Council. Along with her request for review, Plaintiff submitted additional, post-hearing evidence to the Appeals Council consisting of a medical source opinion dated July 24, 2019, by Plaintiff's treating physician James Knapp, M.D. (AR 2, 33–40.)

On July 23, 2020, the Appeals Council denied the request for review (AR 1–6), rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. § 404.981. The "Notice of Appeals Council Action" denying review sets forth the Appeals Council's finding that Dr. Knapp's opinion does "not show a reasonable probability that it would change the outcome of the decision" and indicates that the Council "did not exhibit this evidence." (AR 2.)

**B.     The ALJ's Decision**

The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520. (AR

2

19–27.) The ALJ decided that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of February 2, 2018, (step one). (AR 19.) The ALJ found that Plaintiff had the following severe impairments: sleep apnea, tension headaches, carpal tunnel syndrome, anxiety and depression (step two). (AR 19–20.) However, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 20–21.) The ALJ then assessed Plaintiff's residual functional capacity ("RFC")[2] and applied the RFC assessment at step four. *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.").

The ALJ determined that Plaintiff retained the RFC:

> with no lifting and carrying limitations. She is limited to frequent left handling and fingering. She cannot climb ladders, ropes and scaffolds. She can occasionally balance. She cannot work around unprotected heights and must avoid concentrated exposure to moving mechanical parts. She cannot perform commercial driving. She can occasionally be exposed to vibrations. She is able to understand, remember and carry out simple, routine and repetitive tasks, using judgment limited to simple work-related decisions. She is socially capable of interacting with co-workers and the public occasionally.

(AR 22.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" he rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record." (AR 23.)

On the basis of this RFC assessment, the ALJ determined that Plaintiff could not perform her past relevant work (step 4), but was not disabled because, given her RFC, she could perform a significant number of other jobs in the local and national economies (step five). (AR 26–27.) In making this determination, the ALJ posed a series of hypothetical questions to the VE based upon Plaintiff's RFC. (AR 65–67.) In response, the VE testified that a person with the specified RFC

---

[2] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. Social Security Ruling 96-8p. The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, *inter alia*, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

3

could perform the jobs of cleaner, housekeeping; marker; and laundry worker. (AR 65–66.) When posed by Plaintiff's attorney with a hypothetical that included additional limitations to Plaintiff's RFC of being "absent more than two days per month" or "off task at least 15% of the day," the VE testified that there was no work such a person could perform. (AR 67.)

### III. LEGAL STANDARD

**A. Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*,

4

180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue her past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.     Scope of Review**

"This court may set aside the Commissioner's denial of disability insurance benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citing *Tackett*, 180 F.3d at 1098). "Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at

1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Circ. 2008) (quoting *Robbins*, 466 F.3d at 885). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV. DISCUSSION

### A. The ALJ's Decision is Not Supported by Substantial Evidence

#### 1. Dr. Knapp's Post-Hearing Opinion Is Part of the Record

Plaintiff challenges the ALJ's decision on the basis, *inter alia*, that it fails to consider all of Plaintiff's mental limitations in formulating the RFC, particularly in view of Dr. Knapp's opinion, dated July 24, 2019 (AR 33–40), which was submitted for the first time to the Appeals Council. (*See* Docs. 16 at 9–11; Doc. 18 at 6–7.) The Appeals Council found that the evidence did "not show a reasonable probability that it would change the outcome of the decision." (AR 2.) Where, as here, the Appeals Council considers additional evidence in denying review of the ALJ's decision, that evidence is nevertheless deemed to be part of the administrative record that a court must evaluate when reviewing the Commissioner's final decision for substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin*, 682 F.3d 1157, 1163 (9th Cir. 2012). The Court therefore considers Dr. Knapp's opinion to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence.[3] *Id. See also Taylor v. Comm'r of Soc. Sec. Admin.,* 659 F.3d 1228, 1231 (9th Cir. 2011) (courts may consider evidence presented for the first time to the

---

[3] The Court is not reviewing whether the Appeals Council improperly denied Plaintiff's request for review. Rather, the Court reviews the new evidence that was presented to the Appeals Council in its overall review of the ALJ's final decision. *See Taylor*, 659 F.3d 3d at 1232.

6

Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error.").

### 2. The Rejection of Dr. Knapp's Opinion Was Erroneous

On July 24, 2019, Plaintiff's treating physician Dr. Knapp completed a medical source statement titled "Medical Assessment of Ability to do Work-Related Activities (Mental)." (AR 33–38.) Dr. Knapp reported his findings that Plaintiff has marked impairment (defined as a "substantial loss in the ability to effectively function") in the following abilities: relating to co-workers; interacting with supervisors; and dealing with work stress. (AR 34.) He found that Plaintiff would likely miss more than two days of work per month. (AR 38.)

The Appeals Council provided no reasoning whatsoever in support of its conclusion that Dr. Knapp's opinion does "not show a reasonable probability that it would change the outcome of the decision." The absence of reasoning is particularly problematic because, under the new regulations regarding the evaluation of medical evidence that are applicable to this case, the ALJ must evaluate the "persuasiveness" of a medical opinion by considering the following factors: supportability, consistency, treatment relationship, specialization, and "other factors." 20 C.F.R. § 404.1520c(a), (b), (c)(1)–(5).[4] In so doing, the ALJ must at a minimum "explain how [he] considered" the supportability and consistency factors, as they are "the most important factors." § 404.1520c(b)(2).

Here, the ALJ failed to address consistency and supportability of Dr. Knapp's opinion (an understandable omission, given that the opinion was not before him) and the Appeals Council took no steps to fill this void. Although the new regulations eliminate the deference given to treating physicians like Dr. Knapp in that they no longer require that his medical opinion weigh more heavily than others, *see* § 404.1520c(a), it remains the case that "an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Corpuz v. Saul*, No.

---

[4] The new regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c (titled "How we consider and articulate medical opinions and prior administrative findings for claims filed on or after March 27, 2017").

7

2:19-CV-02401 AC, 2021 WL 795582, at *8 (E.D. Cal. Mar. 2, 2021) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014)). *See also Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) ("[T]he ALJ must provide sufficient reasoning that allows [for] review."); *Jones v. Saul*, No. 2:19-cv-01273 AC, 2021 WL 620475, at *8 (E.D. Cal. Feb. 17, 2021) (the ALJ cannot "forego articulation of their reason or reasons altogether"). Here, the record does not contain any evaluation of the key factors of consistency and supportability of Dr. Knapp's opinion.[5] This omission constitutes error. *See, e.g., McLaughlin v. Saul,* No. 1:18-CV-00967-SKO, 2019 WL 3202806, at *6 (E.D. Cal. July 16, 2019); *Reyes v. Comm'r of Soc. Sec. Admin.*, No. CV-17-08192-PCT-SMB, 2019 WL 2098755, at *4 (D. Ariz. May 14, 2019); *Williams v. Berryhill*, Case No. C17-5885 JCC-BAT, 2018 WL 6737511, at *5 (W.D. Wash. Apr. 19, 2018).

### 3. The Error is Not Harmless

Harmless error review applies when a medical opinion is not considered in an ALJ's decision. *See Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015). Errors are harmless when a reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Here, the ALJ found the July 2019 opinion of Sylvia Victor, LMFT, "minimally persuasive" because it was "not well supported by the record." (AR 24.) Yet LMFT Victor's opinion that Plaintiff had a marked limitation in her ability to deal with work stress and would be absent from work more than twice a month is consistent with Dr. Knapp's opinion. (*Compare* AR 34 & 38 with AR 287 & 289.) Dr. Knapp's opinion casts doubt upon the ALJ's reasoning for deeming LMFT Victor's opinion only minimally persuasive. Dr. Knapp's opinion also undermines the "persuasive" opinion of consultative examiner Jonathan Howard, Psy.D., who found that Plaintiff's ability to deal with the usual stress encountered in the workplace was only moderately impaired. (AR 464.) The Court therefore cannot "confidently conclude" that

---

[5] The Commissioner attempts to supply such reasons in its response brief, identifying various reasons why the ALJ and/or Appeals Council could have deemed the late-submitted evidence unpersuasive. (*See* Doc. 17 at 25–26.) Those explanations, however, are not properly before the Court. As the Ninth Circuit has emphasized, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009).

8

"no reasonable ALJ," after considering Dr. Knapp's opinion, could have reached a different disability determination.[6] *See Marsh*, 792 F.3d at 1173 (ALJ's failure to consider treating doctor's medical opinion, which described the plaintiff as "pretty much nonfunctional," was not harmless).

**B.    Remand for Further Proceedings is Appropriate**

It is for the ALJ to determine whether a plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. *See Marsh*, 792 F.3d at 1173 ("[T]he decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). The ALJ, not the Court, is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Here, the ALJ did not have the opportunity to consider, in the first instance, Dr. Knapp's medical source statement. Having found this opinion properly part of the record, the ALJ must evaluate them to determine its impact on the severity of Plaintiff's impairments, her RFC, and the ultimate question of Plaintiff's disability. Remand for further proceedings—and not, as Plaintiff asserts, remand for benefits (*see* Doc. 16 at 10–11)—is therefore the appropriate remedy. *See, e.g., Vasquez v. Astrue,* 572 F.3d 586, 597 (9th Cir. 2009) (remanding to allow ALJ to assess results of psychological testing, considered by the Appeals Council, and how claimant's limitations affect her RFC); *McLaughlin*, 2019 WL 3202806, at *6; *Billie-Jo M. v. Saul*, No. 6:19-CV-00092-SB, 2020 WL 2521754, at *10 (D. Or. May 18, 2020) ("Plaintiff submitted new, post-decision medical evidence that the ALJ has not had an opportunity to evaluate. Under these circumstances, a remand to the agency for further proceedings to fully develop the record is the appropriate remedy.") (internal quotation marks omitted).

///

---

[6] Indeed, the VE testified that the addition to Plaintiff's RFC of a limitation of being absent more than two days per month, as opined by both Dr. Knapp and LMFT Victor, would preclude all work. (AR 67.)

**C.    The Court Declines to Determine Plaintiff's Remaining Assertions of Error**

As the Court finds that remand is appropriate for the ALJ to consider Plaintiff's post-decision evidence, the Court does not reach Plaintiff's additional assertions of error regarding the ALJ's consideration of Dr. Howard's and LMFT Victor's opinions, and Plaintiff's and her husband's testimony, all of which will need be evaluated again in order to reformulate an RFC in light of the additional evidence.[7]  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Rendon G. v. Berryhill*, No. EDCV 18-0592-JPR, 2019 WL 2006688, at *8 (C.D. Cal. May 7, 2019); *Harris v. Colvin*, No. 13-cv-05865 RBL, 2014 WL 4092256, at *4 (W.D. Wash. Aug. 11, 2014); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## V.    CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED and the case REMANDED to the ALJ for further proceedings consistent with this Order.  The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Karen I. Davis and against Defendant Andrew Saul, Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **June 29, 2021**                          /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[7] The Court does, however, determine that these alleged errors do not warrant reversal with the directive for payment of benefits at this time.

10